UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY D. CHERRY,

    Plaintiff,

v.                                      CASE NO. 6:14-cv-861-Orl-37TBS

MAYOR, ORANGE COUNTY FLORIDA, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This case is before the Court on initial review of Plaintiff's complaint (Doc. No. 1). Plaintiff, who is incarcerated at the Osceola County Jail and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks to proceed *in forma pauperis* in this action.

### I.  Legal Standard

Plaintiff seeks redress from a governmental entity or employee, and, pursuant to 28 U.S.C. section 1915A(a), the Court is obligated to screen such a prisoner civil rights complaint as soon as practicable. On review, the Court is required to dismiss the complaint (or any portion thereof) under the following circumstances:

    (b)    Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B)(i) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.").[1]  Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

## II. Analysis

Plaintiff alleges that he was denied access to the prison law library, which prevented him from researching and filing pre-trial matters in his underlying state criminal case.[2]  As a result, he was unable to represent himself in those proceedings, thereby hindering his case. Plaintiff requests that the state conviction be set aside and that he be awarded compensatory damages.

---

[1] "A claim is frivolous if it is without arguable merit either in law or in fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

[2] Plaintiff failed to identify the jail to which his allegations pertain. It appears, however, that he is referring to the Orange County jail.

It appears that the facts supporting Plaintiff's civil rights claims in the instant complaint are the same as those pled in another previously filed action in this Court, which was dismissed. The previous case, case number 6:13-cv-832-Orl-37TBS, was dismissed on October 18, 2013.

"A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine whether a pleading repeats prior claims." *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). Such a duplicative complaint that is filed by a plaintiff proceeding *in forma pauperis* may be dismissed under the authority of 28 U.S.C. section 1915A. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Thus, this action is dismissed as duplicative.

Further, under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), a state prisoner may not bring a claim for damages under § 1983 "if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." Thus, unless the plaintiff-prisoner can demonstrate that the conviction or sentence has already been invalidated, the complaint must be dismissed. *Id*.

To prevail on his claims in the instant case, Plaintiff must necessarily establish that he did not commit the offense for which he was convicted. Hence, a judgment in Plaintiff's favor in this case would necessarily imply the invalidity of his underlying conviction. Because Plaintiff has not demonstrated that his conviction has already been invalidated, this case is barred under *Heck*. *See id*. at 487.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED**.

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is **DENIED.**

3. The Clerk of the Court is directed to close this case and shall enter judgment accordingly.

**DONE AND ORDERED** in Chambers in Orlando, Florida this 5th day of June, 2014.

                                                                 _____
                                                                 ROY B. DALTON JR.
                                                                 United States District Judge

Copies to:
OrlP-2 6/5
Anthony D. Cherry

4